DAVID N. GOODWIN *vs.* BOSTON AND MAINE RAILROAD.

*Costs—to be paid by losing party on appeal.*

Costs accruing before county commissioners, upon a hearing relative to land damages, are to be paid by the losing party upon appeal, though the verdict of the jury be for a less sum than that awarded by the commissioners.

The costs of all the trials upon the appeal are to be paid by the party losing at the last trial.

ON EXCEPTIONS.

The petitioner appealed from the award of the county commissioners assessing the damages for land taken by the defendants' location over his farm, and the jury returned a verdict at the September term, 1872, which was rejected upon the respondents' motion, and a new jury impaneled. This second jury returned their verdict to the January term, 1873, for a less sum than the county commissioners awarded. Both parties claimed costs. The judge ruled that all the costs, from the initiation of proceedings for the ascertainment of these damages, be borne by the corporation, and the respondents excepted.

*George C. Yeaton,* for the respondents.

*William J. Copeland,* for the petitioner.

WALTON, J. We think the ruling in this case was correct.

It was decided in *Bangor and Piscataquis R. R. Co.* v. *Chamberlain,* 60 Maine, 285, that a land owner, who makes and successfully maintains a claim for damages against a railroad com-

pany for land taken for their road, is a prevailing party, and entitled to costs, notwithstanding there are two trials, one before the county commissioners, and another, on appeal, before a sheriff's jury, and the amount awarded by the jury is less than the amount awarded by the county commissioners.

And with respect to the amount of cost which a prevailing party is entitled to recover, it was decided in *Fitch* v. *Stevens*, 2 Metc., 506, that where there were three trials before as many different juries, the first two verdicts being set aside for irregularities, the party who ultimately prevailed was entitled to recover the cost of all the juries, such costs being necessarily incurred in the prosecution of the cause. That was a complaint for flowage; but we think the same rule should be applied in this class of cases.

*Exceptions overruled.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.